UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TENCY MUSIC S.A.S.,,

Plaintiff(s),

v.

4726236 MANITOBA CORPORATION,

Defendant(s).

Case No.2:24-CV-1787  JCM (NJK)

ORDER

Presently before the court is plaintiff Tency Music S.A.S.'s ("Tency") motion for partial default judgment.  (ECF No. 29).

**I.      Background**

The instant action arises under the federal Copyright Act and Digital Millenium Copyright Act ("DMCA").  (*See* ECF No. 25).  Plaintiff Tency alleges that defendant 4726236 Manitoba Corporation d/b/a BuyKaraokeDownloads.com ("BKD") violated federal law with respect to at least 985 songs owned by Tency.  (ECF No. 29 at 3).

Tency specifically alleges that BKD used and sold the songs after removing or altering copyright management information without Tency's authorization and offering the songs for sale on BKD's website, www.buykaraokedownloads.com.

Tency filed the instant lawsuit and served BKD with the complaint and first amended complaint.  (*See* ECF Nos. 18, 26).  BKD failed to respond or otherwise make an appearance in the case through counsel.

Seeking relief for its claims, Tency obtained an entry of default from the clerk on January 16, 2026.  (ECF No. 28).  Tency now moves for partial default judgment from the court as to liability and injunctive relief.

**II.    Legal Standard**

To obtain default judgment a party must follow a two-step process governed by FRCP 55.  *See Eitel v. McCool*, 782 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."  Fed. R. Civ. P. 55(b)(2).

The choice whether to enter a default judgment lies within the discretion of the trial court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  *Eitel v. McCool* laid out the following factors that a district court might consider when exercising its discretion as to the entry of default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  782 F.2d 1470, 1471–72 (9th Cir. 1896).

**III.    Discussion**

A.    Procedural and Jurisdictional Requirements Satisfied

The required procedures described in Federal Rule of Civil Procedure 55 have been satisfied.  Tency obtained the clerk's entry of default against BKD.  (ECF No. 28).

B.    *Eitel* Factors

The *Eitel* factors weigh in favor of granting default judgment.

1.    *Possibility of Prejudice*

When a defendant refuses to appear and defend the claims against it, this non-appearance "prejudices [the plaintiff's] ability to pursue its claims on the merits and seek recovery of damages." *See Servfaces Gmbh v. Truong*, No. 2:19-cv-1906-APG-DJA, 2020 WL 854188, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020).  BKD has failed to file an appearance in this case or defend Tency's claims against it, thereby prejudicing Tency's ability to pursue those claims and depriving it of any potential remedy for its alleged continuing infringement.  *See Panda Rest. Grp., Inc., v. Enymedia, Inc.*, No. 2:21-cv-3560-AB-AS, 2021 WL 4927416, 2021 U.S. Dist. LEXIS 206330, at *9 (C.D. Cal. Aug. 12, 2021) (the first *Eitel* factor favors plaintiff where there would otherwise be continuing infringement).  This factor supports granting default judgment against BKD.

2.    *Merits of the Substantive Claim and Sufficiency of the Complaint*

"The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with rule 8(a)." *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 2:17-cv-516-GMN-GWF, 2019 WL 2103275, 2019 U.S. Dist. LEXIS 55583, at *5 (D. Nev. Mar. 6, 2019) (citing *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).  Upon default, the court accepts as true the factual allegations of the movant's complaint, except as to damages.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12) (1944)).

. . .

The first amended complaint contains the necessary factual allegations, which must be taken as true, to support Tency's claims for copyright infringement and violation of the DMCA. (ECF No. 29 at 11–13).  Considering these well-pleaded factual allegations, there are no disputes of material fact regarding BKD's infringing conduct under the Copyright Act or violation of the DMCA.  Therefore, this factor weighs in favor of granting default judgment.

### 3.      Sum of Money at Stake in the Action

Default judgment is warranted if the money at stake in the action is proportionate to the seriousness of the conduct.  *Servfaces Gmbh*, 2020 U.S. Dist. LEXIS 28692, at *6.  Here, Tency seeks only a finding of liability and a permanent injunction.  (ECF No. 29 at 13).  It requests a deferral on the determination of monetary damages, subject to its motion for discovery on the issue.[1]  (*Id.*).  As such, this factor does not weigh against Tency.

### 4.      Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* favor weighs against default judgment where there is a possibility of dispute concerning material facts.  782 F.2d at 1471–72.  "Because this court takes all allegations in a well-pleaded complaint as true after the clerk enters default, there is no likelihood that any genuine issue of material fact exists" here.  *See Nike*, 2019 U.S. Dist. LEXIS 55583, at *9.  Thus, this factor weighs in favor of default judgment.

### 5.      Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment if "the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and fails to answer."  *Thriven Fin. v. Bloomquist*, 2:17-cv-1555-JCM-NJK, 2018 U.S. Dist. LEXIS 111659, at *9 (D. Nev. July 3, 2018)

---

[1] Courts have authorized discovery in this context.  *See, e.g., Salazar RCDC Research Grp.*, 2023 WL 3551972, at *1 (C.D. Cal. Mar. 24, 2023).  The merits of Tency's request for discovery on monetary damages are for the magistrate judge to consider and are therefore not discussed in this order.  (*See* ECF Nos. 30–32).

(citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).  There is no excusable neglect here, as BKD was properly served with the first amended complaint and failed to respond.  (ECF No. 26).  This factor supports granting default judgment.

     6.   *Policy Favoring Decisions on the Merits*

  Courts strongly favor deciding cases on the merits.  However, where a defendant fails to appear in an action or respond to a complaint, such a decision is not possible.  "Denying default judgment on this factor in this context would preclude default judgment whenever a defendant fails entirely to participate in a lawsuit."  *Car-Freshner Corp. v. Victory-2000 EOOD*, No. 2-14-cv-1471- RFB-GWF, 2016 WL 7246073, 2016 U.S. Dist. LEXIS 173663, at *24 (D. Nev. Dec. 14, 2016).

  BKD's blatant failure to participate in the present litigation has stalled this court's ability to decide the case on the merits.  Accordingly, default judgment is appropriate under this factor.

  After considering the foregoing, the court finds that the *Eitel* factors weigh in favor of granting default judgment as to Tency's claims.

  C.  Equitable Relief

  Tency requests a permanent injunction (1) prohibiting BKD from engaging in the same or similar conduct going forward and (2) ordering that the domains for the infringing website be transferred to Tency.  (ECF No. 29 at 15).

     1.   *eBay Factors*

  Courts are authorized to grant injunctive relief "to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  A plaintiff must satisfy a four-factor test to receive a permanent injunction in copyright infringement cases.  Plaintiff must demonstrate: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that the balance of hardship

between the plaintiff and defendant warrants equitable relief; and (4) that it is in the public's interest to issue the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392–93 (2006); *see Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995–96 (9th Cir. 2011).

In selling Tency's songs without a license, BKD risks irreparably harming Tency's right to control its songs, its relationships with its actual licensees, and undermines its digital distribution business.  (ECF No. 29 at 16).

Money damages alone are inadequate to protect Tency from BKD's ongoing infringement and do not adequately compensate it for the harm that BKD has already caused (e.g., loss of control over the songs, damage to goodwill, harm to continued advancement of legitimate online market for distribution of creative works).  (ECF No. 29 at 16).  *See Universal City Studios Prods. LLLP v. TickBox TV LLC*, 2018 WL 1568698, at *13 (C.D. Cal. Jan. 30, 2018) ("[I]t is unlikely that money damages could adequately compensate for difficult-to-quantify harms to [p]laintiffs' business models and relationships" from unauthorized streaming); *Warner Bros. Ent. Inc. v. WTV Sys.*, *Inc.*, 824 F. Supp. 2d 1003, 1013 (C.D. Cal. 2011) (same).[2]

The balance of hardships favors Tency.  Without a permanent injunction, Tency is liable to endure continuing, irreparable harm due to BKD's unlawful use and sale of Tency's songs.  BKD, on the other hand, would merely be required to halt such conduct.  Such a requirement (and any consequences thereof) is reasonable, considering that BKD has no right to use or profit from Tency's songs.  *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 867 (9th Cir. 2017) (reasoning that financial hardship from ceasing infringing activities does not outweigh irreparable harm likely to befall the plaintiff without an injunction).

---

[2] Tency also claims that monetary damages are inadequate because it is unlikely to be able to collect on them. However, it does not explain why this is the case.

Finally, "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating" music. *See VidAngel, Inc.*, 869 F.3d at 867 (citation omitted). The injunctive relief provided for below is in the public interest because it will effectuate the policy and purpose of the Copyright Act to protect intellectual property rights and incentivize the creation of copyrightable works.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Tency S.A.S.'s motion for partial default judgment (ECF No. 29) be, and the same hereby is, GRANTED.

The following permanent injunction order is entered against BKD:

BKD, including its agents, servants, employees, confederates, and any persons in concert or participation with it having actual knowledge of this default judgment order by service, actual notice or otherwise be, and is, hereby permanently enjoined and restrained from:

(a) Reproducing, distributing, publicly performing, displaying, or creating derivative works based on any of the subject songs identified in Exhibit A to the first amended complaint, or any other copyrighted works owned by Tency;

(b) Removing, altering, or providing false copyright management information with respect to any of Tency's copyrighted works;

(c) Advertising, promoting, offering for sale, selling, or otherwise commercially exploiting any of the songs at issue or other works owned by Tency;

(d) Using any reproductions of the songs at issue or other works owned by Tency;

(e) Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (d) above; and

(f) Operating the website www.buykaraokedownloads.com or any substantially similar website for the purpose of distributing or selling any of the songs at issue or other works owned by Tency.

IT IS FURTHER ORDERED that BKD or the individual registrar holding or listing the domain name "buykaraokedownloads.com," and any related domain names operated by BKD, shall, within ten (10) days of receiving actual notice of this order:

(a) Place the subject domains on "registrar lock" or a similar hold to prevent any changes to the registration or transfer of the domains; and

(b) Transfer the domains to Tency's ownership and control, including by changing the registrar of record to the registrar of Tency's choosing, as designated by Tency's counsel.

If any domain name registrar is unable or unwilling to effectuate the transfer, then the domain name registry or registries responsible for maintaining the domain(s) shall, upon receiving actual notice of an order and upon request from Tency's counsel, reassign the domain(s) to a registrar of Tency's choosing who is willing to effectuate the transfer to Tency.

To the extent that any music on the website is not Tency's intellectual property, Tency has the option to either: (a) purge those songs from the site or (b) shut down the site entirely. Tency may place anti-piracy messaging on the transferred domain(s) to advise users that BKD's conduct was unlawful and to direct users to legitimate sources for licensed karaoke content.

IT IS FURTHER ORDERED that each party, within thirty (30) days after service of this judgment, be required to file a written report under oath setting forth in detail the manner in which they have complied with the permanent injunction.

. . .

The court shall retain jurisdiction over the parties and subject matter of this litigation, even after the resolution of the issue of monetary damages, for the purpose of interpretation, potential modification, and enforcement of this default judgment and permanent injunction order.

DATED February 6, 2026.

_____
UNITED STATES DISTRICT JUDGE